**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **DIRECTV, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WESS PRUKOP** | § | **CIVIL ACTION NO. V-03-149** |
| | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiff DIRECTV, Inc.'s ("DIRECTV") Motion for Summary Judgment (Dkt. # 28) and Motion to File Exhibits to Plaintiff's Motion for Summary Judgment Under Seal (Dkt. # 29). Also pending are Plaintiff's Motion for Extension of Dispositive Motions Deadline (Dkt. #24), Defendant's Motion for Extension of Dispositive Deadlines (Dkt. # 26), and Plaintiff's Motion for Entry of Order Deeming Plaintiff's Motion for Summary Judgment to have been Timely Filed (Dkt. # 33). Although the Court notes that each of these motions was filed as opposed, it also notes that both parties filed motions to extend the deadline and filed motions for summary judgment after the deadline set by the Court, and that Defendant Prukop's motion also included an affirmative statement by him that he was unopposed to the extension of the dispositive motions deadline. As such, the Court will grant both parties requests and deem each party's motion for summary judgment as timely filed.[1] The Court, having considered DIRECTV's motion to file exhibits under seal, is of the

---

[1]The Court notes that the docket sheet indicates that Defendant Prukop also has a motion for summary judgment pending (Dkt. # 27). DIRECTV maintains that, upon a favorable ruling on its motion for summary judgment, it will dismiss the remaining claims against Prukop. If necessary, therefore, that motion will be addressed by a separate order.

opinion that the motion should be GRANTED.  Furthermore, having considered the motion for summary judgment, Defendant's response, and the applicable law, the Court is of the opinion that DIRECTV's motion for summary judgment should be granted in part and denied in part, as set forth below.

### Factual and Procedural Background

Plaintiff DIRECTV is the nation's leading provider of direct-to-home satellite television programming, offering more than 225 channels of programming.  To prevent unauthorized viewing of its programming, DIRECTV encrypts its broadcasts.  To receive programming, therefore, a customer must possess a small satellite dish, an integrated receiver/descrambler ("IRD"), and a DIRECTV access card.  The IRD and access card contain the necessary information and equipment to descramble DIRECTV programming.  Shortly after DIRECTV began providing service in the mid-1990s, people became interested in finding ways to circumvent DIRECTV's conditional access system.  A booming business developed in the provision of devices to circumvent DIRECTV's security.  These efforts focus on reprogramming DIRECTV access cards to include codes to tell the IRD to descramble additional programming for which the user has not paid.

Programmer devices, including the "Next Gen" programmer, are designed and used to permit the illegal programing of valid DIRECTV access cards for the primary purpose of obtaining access to DIRECTV Satellite Programming without paying DIRECTV.  As one method of combating piracy of its signal, DIRECTV periodically sends out electronic signals that target modified access cards.  These signals, known as electronic countermeasures ("ECMs"), detect modified cards and disable them.  Devices known as bootloaders are designed and marketed for the sole purpose of overcoming the effects of these ECMs to allow individuals to continue pirating DIRECTV programming.

DIRECTV's motion for summary judgment alleges that Prukop purchased a total of 47 devices,

each of which was designed solely to overcome the effects of DIRECTV's ECMs in violation of 47 U.S.C. § 605(e)(4).  Prukop admits that he purchased the devices, but contends that he did not use the devices, that he did not receive money in exchange for the devices, and that he did not know they were used for illegal purchases.

## DISCUSSION

Section 605(e)(4) reads:

> (4) Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section, shall be fined not more than $500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both. For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation.

Thus, to succeed under the statute, DIRECTV must show that Prukop 1) manufactured, assembled, modified, imported, exported, sold, or distributed; 2) electronic, mechanical or other device or equipment; 3) knowing or having reason to know that the equipment is primarily of assistance in the unauthorized decryption of satellite cable programming or direct to home satellite services or is intended for any other activity prohibited by subsection (a) of the statute.

Prukop has admitted that he purchased 47 devices and then traded these devices for lawn care services to an individual identified only as "Ralphy."  Although Prukop argues that he did not receive money in exchange for purchasing the devices for "Ralphy," his deposition testimony indicates that he received free lawn care services on eight separate occasions in exchange for his purchase of the devices. *See* Prukop Deposition, p. 53, ll.7-11.  Thus, the only remaining issue in this case is whether Prukop knew or had reason to know that the equipment he purchased is used in the unauthorized

3

decryption of satellite programming.  DIRECTV alleges that Prukop has admitted that he visited at a website called the Pirate Den, which is dedicated to pirating satellite signals.  DIRECTV submits that this website contains disclaimers warning that the technology can be used for illegal purposes and that such use is illegal in certain countries, including the United States.[2] Although Prukop does not admit to having exchanged information with others on this website, DIRECTV further alleges that Prukop's user identification name appears on this website on a number of occasions asking specific questions about the use of the devices he purchased and the programs used in conjunction with these, and other, devices.  In response to Prukop's allegation that he thought the devices were legal, DIRECTV submits that Prukop, as a DIRECTV customer, knew that  "Ralphy's"  purported explanation as to why he needed the devices was not credible and further submits that both websites where the devices were purchased contain strongly worded disclaimers[3]  indicating that use of the device is illegal in some countries, including the United States.

---

[2]The Pirate Den disclaimer reads, in relevant part:
You understand that use, possession, distribution, manufacture, or importation of test cards is illegal in the United States.  If you are a U.S. resident, you are required by law to subscribe and the use or sale of test cards of any kind is unlawful and constitutes signal theft and is subject to criminal and civil penalties according to U.S. law.  We do not condone the use or sale of test cards to U.S. residents.  In addition, use of test cards may also be considered illegal in any country or jurisdiction where the U.S. based services of Directv Inc. and Echostar Communications Corporation, in specific, The Dish Network can legally and lawfully distribute their signals, either directly or indirectly and make said signals available for purchase to consumers on a subscription basis.
*See* Dkt. # 28 Exh. H p.1.

[3]The Mountain Electronics disclaimer reads, in relevant part:
You understand that use, possession, distribution, manufacture or importation of test cards is illegal in the United States.  If you are a U.S. resident, you are required by law to subscribe and the use or sale of test cards of any kind is unlawful and constitutes signal theft and is subject to criminal and civil penalties according to U.S. law.  We do not condone the use or sale of test cards to U.S. residents.
*See* Dkt. #28, Exh. C p.3.

The Court finds that the circumstantial evidence is such that there is no question of fact as to the fact that Prukop knew or should have known that distribution of the devices was illegal in the United States. *See DIRECTV, Inc. v. Spokish*, 2004 WL 741369 (M.D. Fla. Feb. 19, 2004) (holding that circumstantial evidence that Defendant belonged to a pirate website associated with the illegal interception of Direct Television satellite transmissions, combined with his possession of the necessary hardware was enough for a reasonable jury to conclude that wiretap violations occurred)(citing *DIRECTV, Inc. v. Miller*, Case No. 6:03-cv-1027- Orl-19KRS, Doc. No. 29 (M.D.Fla. Nov. 20, 2003) (concluding that a jury could reasonably assume that people intend to use the electronic equipment they purchase)); *DIRECTV, Inc. v. Boonstra,* 302 F. Supp. 2d 822, 833 (W.D. Mich. 2004) (holding that a plaintiff need not produce direct evidence to establish that a communication was received or intercepted, but may rely on circumstantial evidence to do so). The websites that he visited all contained disclaimers that required the individual user to agree to the terms of the disclaimer before entrance to the website would be granted. As such, Prukop was placed on notice that possession and distribution of the items contained on the site was illegal in the United States. Additionally, Prukop admitted in his deposition to knowing that DIRECTV would replace a broken card immediately, without the need for one of these devices to "fix" the broken card. *See* Prukop Depo. p.44, l. 22-p. 45, l. 25. Based on this evidence, the Court finds that Prukop has violated 47 U.S.C. § 605(e)(4), and thus will grant DIRECTV's motion for summary judgment as to this claim.

There remains, however, the question of the appropriate relief. DIRECTV seeks statutory damages against Prukop in the amount of $10,000 for each signal theft device purchased, together with attorneys' fees. *See* 47 U.S.C.A. § 605(e)(3). DIRECTV seeks to increase that amount to $100,000 per violation as a result of its assertion that Prukop's conduct was for "private financial gain." In addition, it seeks a permanent injunction against Prukop to restrain further violations of the law. *See*

5

47 U.S.C.A. § 605(e)(3)(B)(i). Before awarding damages and attorneys' fees, however, the Court will afford the defendant an opportunity to present briefing addressing DIRECTV's claims for damages. As to the injunctive relief, the Court finds such a remedy appropriate.  Thus, Prukop, and any person or entities controlled directly or indirectly by him, will be permanently enjoined from designing, developing, manufacturing, assembling, modifying, importing, exporting, possessing, traficking, distributing, or selling illegal satellite signal theft devices; assisting, procuring, aiding an abetting third persons in the unauthorized reception and use of DIRECTV's television programming; placing advertisements for the sale of illegal satellite signal theft devices; or providing software, information, and technical support services therefore.

### Conclusion

For the reasons stated above, the Court finds that Plaintiff's Motion for Summary Judgment should be granted in part and denied in part.  Defendant Prukop shall have fifteen (15) days from the date of this order to submit additional briefing on the issue of damages.

It is so ORDERED.

Signed this 24th day of June 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE